UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| HASSAN CRAWFORD | **COMPLAINT** |
| Plaintiff, | **PLAINTIFF DEMANDS TRIAL BY JURY** |
| vs | |
| DIVERSIFIED CONSULTANTS, | ELH13CV3924 |
| CHRISTOPHER ZEHNDER, | |
| JOHN DOES 1-10 | |
| Defendants. | |

Case Number:
COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, THE FAIR DEBT COLLECTION PRACTICES ACT, THE MARYLAND CONSUMER COLLECTION PRACTICES ACT, THE MARYLAND DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, and DEMAND FOR JURY TRIAL and INJUNCTIVE RELIEF

COME NOW, the PLAINTIFF, Hassan Crawford, respectfully requests this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In support thereof, Plaintiff shows unto the Court as follows:

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendants, VERIFACTS (hereafter "CA"), DIVERSIFIED CONSULTANTS, CHRISTOPHER ZEHNDER, JOHN DOES 1-10 and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et. seq. (hereafter "FCRA")), the Fair Debt collection Practices Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA")), the Maryland Consumer Collection Practices Act (hereafter "MCCPA")), and the Maryland Deceptive and Unfair Trade Practices Act (ss 13-301 et. seq. (hereafter "MDUTPA")). An actual controversy exists between the parties, in that the challenged actions of the DEFENDANTS have caused and will continue to cause the PLAINTIFF substantial harm unless the requested relief is granted.

JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201.
2. Venue is proper, because many of the relevant events occurred within Baltimore County in the State of Maryland, which is located within this District.
3. Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.
4. This is an action brought by a consumer for violations of the above named Acts in connection with a purported debt appearing on Plaintiff's consumer reports, the defendants' collection tactics in attempting to collect it, and the defendants' refusal to remove or correct inaccuracies regarding it, despite written correspondence specifying the inaccuracies and providing information that would facilitate a reasonable reinvestigation of the matter. Thus, the plaintiff seeks damages and, to the extent possible, injunctive and declaratory relief.

PARTIES

5. The Plaintiff is a natural person residing within Baltimore County, in Maryland.
6. The Defendant DIVERSIFIED CONSULTANTS. is a business that is uses instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due another.
7. The Defendants CHRISTOPHER ZEHNDER, JOHN DOES 1-10, are employees of the Defendant DIVERSIFIED CONSULTANTS and were at all times relevant to this complaint using instruments of interstate commerce to facilitate the collection of debts owed or asserted to be due another on

behalf of both DIVERSIFIED CONSULTANTS.
8. The Defendants DIVERSIFIED CONSULTANTS was the collection agency during the period inclusive of Fall 2000 to present.
9. The Defendants CHRISTOPHER ZEHNDER, JOHN DOES 1-10, were employees of DIVERSIFIED CONSULTANTS during the period extending from September 2000 through present, and acted as the duly authorized agents for their employers.
10. All Defendants are considered a "person", under Black's Law Dictionary.
FACTS
11. Plaintiff obtained annual credit report on and around October 2013.
12. Plaintiff noticed an unauthorized inquiry from DIVERSIFIED CONSULTANTS.
13. Plaintiff requested validation and proof of the purpose of the inquiry on and around November 2013.
14. Plaintiff received no response nor proof of validation or purpose of the inquiry.
15. Plaintiff emailed a copy of the lawsuit that would be filed, to DIVERSIFIED CONSULTANTS on and around December 2013 and received no response.

COUNT 1- VIOLATION OF THE FAIR
DEBT COLLECTION PRACTICES ACT

16. The allegations of paragraphs 1 through 15 of this Complaint are realleged and incorporated by reference.
17. The defendants DIVERSIFIED CONSULTANTS, CHRISTOPHER ZEHNDER, JOHN DOES 1-10 are debt collectors, as defined by 15 U.S.C. § 1692a(6).
18. The defendants DIVERSIFIED CONSULTANTS, CHRISTOPHER ZEHNDER, JOHN DOES 1-10 violated the FDCPA by:
19. Multiple violations of § 1692e (2)(a) and 1692e(10) for the false representation of the character, amount, or legal status of any debt
20. Violations of § 1692e (communicating information which is known to be false)
21. The foregoing violations of the FDCPA are among the Defendants' standard procedures and practices towards consumers such as the Plaintiff, for which the Defendants are motivated by enhanced profits.

COUNT 2- VIOLATIONS OF THE
FAIR CREDIT REPORTING ACT

22. The allegations of paragraphs 1 through 15 of this Complaint are realleged and incorporated by reference.
23. DIVERSIFIED CONSULTANTS, CHRISTOPHER ZEHNDER, JOHN DOES 1-10 regularly and in the course ofbusiness, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.
24. DIVERSIFIED CONSULTANTS, CHRISTOPHER ZEHNDER, JOHN DOES 1-10 , did not notify the plaintiff at any time that the dispute was considered frivolous or irrelevant, or that plaintiff had failed to provide sufficient information to investigate the disputed information.
25. DIVERSIFIED CONSULTANTS, CHRISTOPHER ZEHNDER, JOHN DOES 1-10 failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(b)(1)(B).
26. DIVERSIFIED CONSULTANTS, CHRISTOPHER ZEHNDER, JOHN DOES 1-10 failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after the Plaintiff's notice of dispute was received at the offices of DIVERSIFIED CONSULTANTS.
27. DIVERSIFIED CONSULTANTS, CHRISTOPHER ZEHNDER, JOHN DOES 1-10 failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(b)(1)(D).
28. DIVERSIFIED CONSULTANTS, CHRISTOPHER ZEHNDER, JOHN DOES 1-10 failed to report the results of the investigation to the consumer reporting agencies, as required 15 U.S.C. § 1681s-2(b)(1)(C).
29. DIVERSIFIED CONSULTANTS, CHRISTOPHER ZEHNDER, JOHN DOES 1-10 in response to the notices of reinvestigation from the Credit Reporting Agencies, verified that the disputed information was accurate and complete on four different occasions, even though they were in possession of

information which showed that the tradelines were inaccurate, and even though the tradelines did not contain the notice of dispute, as required by 15 U.S.C. § 1681s-2(a)(3). The fact that this was done in response to multiple reinvestigation requests from multiple Credit Reporting Agencies and the Plaintiff is evidence of willful noncompliance on the part of Collection Agency Inc.

COUNT 3- VIOLATIONS OF THE MARYLAND
CONSUMER COLLECTION PRACTICES ACT

30. The allegations of paragraphs 1 through 15 of this Complaint are realleged and incorporated by reference.
31. DIVERSIFIED CONSULTANTS, CHRISTOPHER ZEHNDER, JOHN DOES 1-10 violated MARYLAND CONSUMER COLLECTION PRACTICES ACT by telling the Plaintiff that they had disclosed to the credit reporting agencies information affecting the plaintiff's reputation for credit worthiness without also informing the plaintiff that the existence of the dispute would also be disclosed.
32. DIVERSIFIED CONSULTANTS, CHRISTOPHER ZEHNDER, JOHN DOES 1-10 violated MARYLAND CONSUMER COLLECTION PRACTICES ACT by disclosing to the four major credit reporting agencies information affecting the plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.
33. The Defendants ASSET ACCEPTANCE, KENNETH PROCTOR, and JOHN DOES 1-10, violated MARYLAND CONSUMER COLLECTION PRACTICES ACT by disclosing to information affecting the Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.
34. The Defendants DIVERSIFIED CONSULTANTS, CHRISTOPHER ZEHNDER, JOHN DOES 1-10 , Violated MARYLAND CONSUMER COLLECTION PRACTICES ACT as evidenced by the fact that KENNETH PROCTOR, and JOHN DOES 1-10, acting as authorized agents for their employers, each disclosed information affecting the plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.
35. DIVERSIFIED CONSULTANTS, CHRISTOPHER ZEHNDER, JOHN DOES 1-10 , failed to enact reasonable rules, policies, procedures, or training to prevent their agents and employees from carrying out such destructive and deleterious actions.
36. The Defendants each separately and individually violated MARYLAND CONSUMER COLLECTION PRACTICES ACT by disclosing information concerning the existence of a debt known to be reasonably disputed by the Plaintiff without disclosing that fact.
37. The Defendants each separately and individually violated MARYLAND CONSUMER COLLECTION PRACTICES ACT by claiming, attempting, or threatening to enforce a debt when they each knew or had reason to know that the debt was not legitimate.

COUNT 4- VIOLATIONS OF THE MARYLAND DECEPTIVE
AND UNFAIR TRADE PRACTICES ACT

38. The allegations of paragraphs 1 through 15 of this Complaint are realleged and incorporated by reference.
39. The actions stated herein and carried out by the defendants were violations of Maryland State and Federal Law, and are therefore unfair and/or deceptive trade practices as defined by state statute §§ 13-301.
40. Unfair and/or deceptive trade practices are a violation of the Florida Deceptive and Unfair Trade Practices Act pursuant to §§ 13-301.

COUNT 5- INTENTIONAL INFLICTION
OF EMOTIONAL DISTRESS

41. The allegations of paragraphs 1 through 15 of this Complaint are realleged and incorporated by reference.
42. The Defendants intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into paying a debt which was not legitimately owed, and conspired to systematically deny the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.

43. The Defendants attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

REQUESTED RELIEF
WHEREFORE, the Plaintiff respectfully requests relief as follows:

(A) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt collection Practices Act, the Maryland Consumer Collection Practices Act, and the Maryland Deceptive and Unfair Trade Practices Act.
(B) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from:
1. Selling, transferring, reporting, or otherwise assigning the above named account to any other collection agency, debt collector, reseller or Credit Reporting Agency.
2. Attempting to place the Plaintiff on any "deadbeat list," or attempting in any way to impugn the Plaintiff's reputation as a tenant or as a consumer in connection with any and all transactions carried out or related to the aforementioned debt.
(C) For an order awarding actual damages in the following amount:
1. Against DIVERSIFIED CONSULTANTS, in the amount of $200.
2. Against CHRISTOPHER ZEHNDER, in the amount of $200.
(D) For an order awarding statutory damages in the following amounts:
1. Against DIVERSIFIED CONSULTANTS, for violations of the Fair Debt Collection Practices Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $4,000; for violations of the Maryland Consumer Collection Practices Act, in the amount of $1,000.
2. Against CHRISTOPHER ZEHNDER, for violations of the Fair Debt Collection Practices Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $4,000; for violations of the Maryland Consumer Collection Practices Act, in the amount of $1,000.
(E) For an order awarding punitive damages as follows:
1. Against DIVERSIFIED CONSULTANTS, in the amount of $15,000.
2. Against CHRISTOPHER ZEHNDER, in the amount of $1,000.

And for such other and further relief as the court deems just and proper under the circumstances. Please take notice that the Plaintiff demands trial by jury in this action.

By: *Hassan Crawford*   *authorized representative*

Hassan Crawford DBA HASSAN CRAWFORD
4932 OLD COURT RD.
BALTIMORE, MD 21133
443-405-3023

**ALL RIGHTS AND LIBERTIES RESERVED AT ALL TIMES**