## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                                        |   |                        |
|----------------------------------------|---|------------------------|
|                                        | * |                        |
| HASSAN CRAWFORD,                       | * |                        |
|        Plaintiff,                      | * |                        |
| v.                                     | * | Case No. ELH-13-3924   |
| DIVERSIFIED CONSULTANTS, et al.,       | * |                        |
|        Defendants.                     | * |                        |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### REPORT AND RECOMMENDATION

The above-referenced case was referred to the undersigned for discovery and review of defendants' Motion for Sanctions pursuant to 28 U.S.C. § 636 and Local Rule 301.  (ECF No. 18, 24.)  Currently pending is defendants' Motion for Sanctions ("Motion") (ECF No. 21). Plaintiff did not file a response.  No hearing is deemed necessary.  See Loc. R. 105.6.  For the reasons discussed herein, I respectfully recommend that defendants' Motion (ECF No. 21) be granted and that relief be awarded as set forth herein.

### I.    Factual and Procedural History

On December 31, 2013, pro se plaintiff Hassan Crawford filed a complaint against Diversified Consultants, employee Christopher Zehnder, and John Does 1-10 for violations of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Maryland Consumer Collection Practices Act, and the Maryland Deceptive and Unfair Trade Practices Act and for intentional infliction of emotional distress.  (Complaint, ECF No. 1 at ¶¶ 16-43.)  Plaintiff alleges that an unauthorized credit inquiry from defendants appeared on his credit score in October 2013.  (Id. at ¶¶ 11-12.)  In November 2013, plaintiff alleges that he requested further

1

information about the inquiry from defendants and received no answer, so he subsequently filed

the present action.  (Id. at ¶¶ 13-15.)  Defendants filed an Answer (ECF No. 6) on February 19,

2014 and have actively participated in the instant case.

Defendants filed a Motion to Compel Plaintiff to Provide Responses to Defendants' First

Set of Discovery Requests on April 15, 2014.  (ECF No. 17.)  Defendants alleged that plaintiff

had not provided responses to defendants' discovery requests.  (Id. at ¶ 4.)  Instead, plaintiff

responded, on several occasions, by stating that he refused to comply with discovery requests

and faxed a letter to defense counsel "requesting Defendants leave him alone."  (Id. at ¶¶ 4-5.)

When defendants attempted to confer with plaintiff about discovery issues and a joint status

report, defendants report that plaintiff "refused to cooperate" and instead emailed defense

counsel an invitation to join Twitter.  (Id. at ¶ 7.)

On April 22, 2014, I granted Defendants' Motion to Compel and ordered plaintiff to

provide complete, non-evasive discovery responses.  (ECF No. 19.)  ("April 22nd Order.")  I

cautioned plaintiff that "evasive or incomplete disclosures may be a basis for sanctions, up to and

including an award of attorneys' fees and dismissal of the case."  (Id. at 1.)  Plaintiff faxed a

response to my April 22nd Order to my chambers, seeking compensation for "the time lost

dealing with [defendants'] false claim."  (ECF No. 20 at 2.)

Defendants subsequently filed a Motion for Sanctions on May 22, 2014, seeking

dismissal of the case due to plaintiff's failure to comply with my April 22nd Order.  (ECF No.

21.)  According to defendants' Motion for Sanctions, plaintiff had still not provided discovery

responses, but rather had sent defense counsel multiple "invoices" for plaintiff's work on his

own discovery responses.  (Id. at 3.)  Defendants argue that plaintiff has acted in bad faith by

ignoring court orders.  (ECF No. 21 at ¶ 19.)  Defendants maintain that plaintiff's actions have

prejudiced defendants, prevented the litigation from proceeding, and are an abuse of the judicial process.  (Id. at ¶¶ 20-22.)  Plaintiff did not respond to defendants' Motion.

On June 12, 2014, I ordered plaintiff to respond to defendants' discovery requests or face dismissal.  (ECF No. 22.)  ("June 12th Order.")  I directed defendants to advise the court if plaintiff did not comply with my order.  (Id.)  On July 3, 2014, defendants filed a correspondence stating that plaintiff neither provided discovery responses nor filed an opposition to defendants' Motion for Sanctions.  (Defs.' Corresp., ECF No. 23.)  Defendants request that their Motion for Sanctions be granted, that plaintiff's case be dismissed with prejudice, and that plaintiff be sanctioned the sum of $2,802.50, the amount of defendants' attorneys' fees.  (Id.)

## II.   Standard for Dismissal as a Sanction

Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. Pro. 41(b).  Before dismissing a case under Rule 41, the court must consider:

> (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

Hillig v. Comm'r, 916 F.2d 171, 174 (4th Cir. 1990).  A plaintiff's pro se status does not excuse him from compliance with the Federal Rules of Civil Procedure.  Arnett v. Prince George's Cnty., 2004 WL 3313218, at *2 (D. Md. 2004).

Additionally, pursuant to Federal Rule of Civil Procedure 37, the court is empowered to sanction a party for failure to comply with a court order regarding discovery.  Fed. R. Civ. Pro. 37(b)(2)(A).  Applicable sanctions include "dismissing the action or proceeding in whole or in part."  Fed. R. Civ. Pro. 37(b)(2)(A)(v).  Prior to imposing sanctions, the court should consider:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989) (internal citations omitted).

### III.    Motion for Sanctions: Dismissal

Plaintiff's actions warrant dismissal under Federal Rules of Civil Procedure 41 for failure to comply with court orders and failure to prosecute his case.  First, plaintiff is solely responsible for his actions in failing to prosecute this case and ignoring my April 22th and June 12th Orders. (ECF Nos. 19, 22.)  Although he initiated this lawsuit, plaintiff has not participated in any way—he filed a complaint, so he cannot subsequently ask defense counsel to "leave him alone."  As the plaintiff, he has the responsibility of prosecuting the case and cannot refuse to comply with basic discovery procedure and court orders.

Further, it is clear that defendants have been prejudiced by plaintiff's actions.  Without any discovery materials, Defendants have been unable to evaluate this case and develop a proper defense.  Plaintiff has not participated in any discovery thus far and has given no indication that he intends to respond to any of defendants' discovery requests.  "The purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available."  Middlebrooks v. Sebilus, 2009 WL 2514111, at *3 (D. Md. 2009).  Plaintiff has refused to engage in the discovery process, to the detriment of defendants' ability to defend in this case.

Plaintiff has a "history of deliberately proceeding in a dilatory fashion."  Hillig, 916 F.2d at 174.  Plaintiff had a previous case in this court that was dismissed for delay tactics during

discovery and a failure to prosecute his case.  See Crawford v. Unique Nat'l Collections, No. WDQ-11-3435 (D. Md. filed Apr. 9, 2013) (case dismissed after plaintiff failed to comply with court's discovery orders).  After the dismissal of his prior case by Judge Quarles, plaintiff should be well aware of his responsibility in a legal action.  As in his previous action in this court, plaintiff here has provided no discovery whatsoever and, instead, has repeatedly tried to avoid his discovery obligations.  Plaintiff's history of deliberately proceeding in a dilatory fashion supports the sanction of dismissal.

Finally, no sanction less drastic than dismissal would be effective in this action.  I ordered plaintiff to provide discovery responses on several occasions and warned plaintiff that his case would be dismissed if he did not comply with the court's orders.  (ECF Nos. 19, 22.) Plaintiff has not responded to defendants' discovery requests or opposed defendants' motions despite the threat of dismissal.  Accordingly, no less drastic sanction than dismissal would be effective in gaining plaintiff's compliance.  Therefore, dismissal under Rule 41 is appropriate.

Additionally, plaintiff's actions warrant dismissal under Rule 37 as a sanction for his failure to comply with my discovery orders.  Plaintiff has acted in bad faith by refusing to provide discovery to defendants, refusing to file any oppositions to defendants' motions, and instead sending "invoices" to defendants for his alleged work on the case.  Plaintiff's refusal to provide discovery has caused great prejudice to defendants' ability to defend against plaintiff's allegations.  Plaintiff's actions have resulted in a waste of both the court's and the defendants' resources.  This sort of non-compliance with court orders must be deterred.

Therefore, I recommend granting defendants' Motion for Sanctions (ECF No. 21) and dismissing plaintiff's action.

### IV.    Motion for Sanctions: Attorney's Fees

Defendants seek $2,802.50 in attorney's fees for defense of this action, excluding fees for the instant motion, composed of $2,220.00 for attorney Cindy D. Salvo and $582.50 for attorney Jeffrey Friedman.  (ECF No. 21 at ¶¶ 26-27.)  Attorney Salvo has been admitted to practice law for 17 years and charges an hourly rate of $300.00.  (ECF No. 21-1 at ¶ 6.)  She billed $2,220.00 for 7.4 hours in defense of this action.  (Ex. C, ECF No. 25.)  Attorney Friedman has been admitted to practice law for 22 years and charges an hourly rate of $300.00[1].  (ECF No. 21-4 at ¶¶ 3-4.)  He billed $532.50 for a total of 1.8 hours and $50.00 for his pro hac vice filing fee. (ECF No. 21-6 at 2-3.)

Pursuant to the Guidelines Regarding Hourly Rates in the Local Rules, these fees are presumptively reasonable.  The hourly rate for attorneys admitted to the bar for 15 to 19 years is $275-425 and for attorneys admitted to the bar for 20 years or more is $300-475.  (Local Rules, Appendix B.3.)  Both Attorney Salvo's and Attorney Friedman's fees are on the lower end of these ranges.  Accordingly, their fees are reasonable.  Additionally, I find that the time they have expended in defense of this action is reasonable.  Therefore, I recommend an award of $2,802.50 in attorney's fees and costs as a sanction against plaintiff.

### V.    Conclusion

In sum, I recommend that the court:

1.  Grant defendants' Motion for Sanctions (ECF No. 21); and

2.  Award defendants $2,802.50 for defendants' legal fees and costs; and

3.  Dismiss this case with prejudice.

---

[1] For two of his time entries, Attorney Friedman billed only $275.00 per hour (bill for 0.2 hours for "Review and file Motion for Pro Hac Vice" and bill for 0.1 hours for "review correspondence from Debtor and forward to Cindy"). (ECF No. 21-6 at 2-3.)

I also direct the Clerk to mail a copy of this Report and Recommendation to plaintiff at the address listed on the docket.

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


Date:   8/21/14                                           /s/

Beth P. Gesner
United States Magistrate Judge